**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22-cr-00507-MTS |
| | ) |
| CURRY VALENTINE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Defendant Curry Valentine ("Defendant") has filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. [47]. Because Defendant has failed to show he is entitled to compassionate release, his motion will be denied.

## I.    BACKGROUND

On February 9, 2023, Defendant pleaded guilty to possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(8). On May 24, 2023, Defendant was sentenced to 70 months of imprisonment. Then in March of 2024, Defendant received a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), due to Amendment 821, which reduced Defendant's sentence to 57 months. *See* Doc. [45]. In June of 2025, Defendant filed a *pro se* motion for compassionate relief that is now before the Court. Doc. [47]. Defendant is presently serving his sentence at McCreary USP, with a projected release date of November 20, 2026.[1]

---

[1] https://www.bop.gov/inmateloc/ (last visited March 16, 2026).

## II.   LEGAL STANDARD

Under § 3582(c)(1)(A), compassionate relief may be granted if the court finds, after considering the applicable factors in 18 U.S.C. § 3553(a),[2] an extraordinary and compelling reason warranting such a reduction. U.S.S.G. § 1B1.13(a)(1)(A). Additionally, a defendant must demonstrate that he is no longer a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2).[3] However, a Defendant must first exhaust their administrative remedies.

Under § 3582(c)(1)(A), exhaustion occurs at the earlier of: 1) after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or 2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. "According to the plain terms of § 3582(c)(1)(A), prisoners can bring compassionate-release motions on their own once they have exhausted administrative remedies." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). "This requirement is a mandatory claim-processing rule. *Id*. But "[u]nlike jurisdictional rules, mandatory claim-processing rules may be forfeited 'if the party asserting the rule waits too long to raise the point.'" *Manrique v. United States*, 581 U.S. 116, 121 (2017) (quoting *Eberhart v. United States*, 546 U.S. 12, 15 (2005) (per curiam)). As such, courts enforce the rule when the opposing party properly raises failure to exhaust as a defense. *Houck*, 2 F.4th at 1084; *Manrique*, 581 U.S. at 121. Here, Defendant did not address exhaustion of his administrative remedies, and the Government did not file a Response, therefore, the Court will proceed to the merits.

---

[2] The factors include, among other things: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

[3] Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id.* (incorporating 18 U.S.C. § 3142(g)).

2

## III.   DISCUSSION

### A.   Extraordinary and Compelling Circumstances

The defendant bears the burden of establishing that compassionate relief is warranted. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). First, Defendant sets out his achievements while incarcerated, among them are completion of the Non-residential Drug Abuse Program and 500 hours of Unicore Work Force. *See* Doc. [47] at 5. Although post-sentencing rehabilitation can be considered in combination with other factors, rehabilitation alone cannot constitute an extraordinary and compelling reason to modify a sentence. *United States v. DeFoggi*, No. 22-2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023) (citing 28 U.S.C. § 994(t), rehabilitation alone "shall not be considered an extraordinary and compelling reason"). While the Court commends Defendant's rehabilitation efforts, they are insufficient to warrant compassionate release and may only be considered in combination with other compelling factors. However, Defendant fails to establish other extraordinary and compelling circumstances under U.S.S.G. § 1B1.13(b).

Second, Defendant asserts family circumstances and his mother's need for a caregiver as an extraordinary and compelling reason for a reduction in his sentence. A defendant's family circumstances may be extraordinary and compelling where the defendant's parent is incapacitated, and the defendant is the only available caregiver. U.S.S.G. §1B1.13(b)(3). Defendant states in his Motion that his "Mother is getting too old to move around on her own and requires the assistance of another family member to move about her daily activities." Doc. [47] at 5. Defendant also states that his father "and his side of the family are still alive, but I can't rely on them[.]" *Id*. Defendant has not met his burden to show how his mother is incapacitated, why he is the only caregiver

3

available to care for her, and why his father and his father's family cannot provide his mother with care.

Third, Defendant claims he has medical issues. A defendant's medical circumstances may be considered an extraordinary and compelling reason for sentence reduction. U.S.S.G. §1B1.13(b)(1). The extent of his Motion is that he "got shot up by a gun real bad. Once in the face, another in the neck and shoulder." Doc. [47] at 6. Defendant claims these injuries caused damage to his nerves, uncontrollable shaking, and a broken collar bone. He also sets forth that there is still a bullet in his shoulder. *Id.* Defendant claims that these injuries cause him a lot of pain. A defendant's medical circumstances may be considered an extraordinary and compelling reason for sentence reduction. U.S.S.G. §1B1.13(b)(1). However, Defendant has not met his burden to establish how his medical issues amount to an extraordinary and compelling reason warranting a sentence reduction.

Fourth, Defendant claims he has mental health issues, specifically "SHU syndrome" from being incarcerated. A defendant's mental health issues, as enumerated in U.S.S.G. §1B1.13(b), may be considered an extraordinary and compelling reason for sentence reduction. Here, Defendant describes generally in his Motion how incarcerated individuals can suffer from "SHU syndrome" and lists mental issues inmates may face due to incarceration. *See* Doc. [47] at 6-10. However, Defendant has not met his burden to establish how his mental health issues amount to an extraordinary and compelling reason warranting a sentence reduction.

**B.  18 U.S.C. § 3553(a) Factors & Danger to the Community**

Even if Defendant had demonstrated "extraordinary and compelling" reasons warranting compassionate release the Court would still deny the Motion because the 18 U.S.C. § 3553(a) factors do not weight in favor of reducing his sentence and defendant has failed to demonstrate

that he is no longer a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2). In fashioning the appropriate sentence, the Court weighed the § 3553(a) factors when it sentenced Defendant in 2023 to 70 months, including the nature and circumstances of the offense.[4] Here, Defendant, a previously convicted felon, possessed a stolen firearm and fentanyl, while he was serving a term of parole supervision for Second Degree Robbery and Armed Criminal Action. Further, the sentence imposed reflects the serious nature of the offense.

## CONCLUSION

Defendant has failed to present any "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A), the 18 U.S.C. § 3553(a) factors do not favor a reduction in Defendant's sentence, and he has failed to demonstrate that he is no longer a danger to the safety of any other person or to the community.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *pro se* Motion for Compassionate Release, Doc. [47], is **DENIED**.

Dated this 16th day of March, 2026

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[4] As stated previously Defendant's sentence was reduced to 57 months in March of 2024.

5